**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

PIETRO PASQUALE ANTONIO SGROMO,                Civil No. 20-1030 (JRT/LIB)

Plaintiff,

**MEMORANDUM OPINION AND ORDER**
v.                                                                  **ADOPTING REPORT AND**
                                                                    **RECOMMENDATION OF THE**
TARGET BRANDS, INC.,                                 **MAGISTRATE JUDGE**

Defendant.

---

Pietro Pasquale Antonio Sgromo, 32600 Bobcat Drive, Mission, British Columbia V2V 5L1, pro se.

Craig S. Krummen, **GREENBERG TRAURIG LLP**, 90 South Seventh Street, Suite 3500, Minneapolis, MN 55402; James J. Lukas, Jr., **GREENBERG TRAURIG LLP**, 77 West Wacker Drive, Suite 3100, Chicago, IL 60601; John S. Artz, **DICKINSON WRIGHT PLLC**, 350 South Main Street, Suite 300, Ann Arbor, MI 48104; Steven A. Caloiaro, **DICKINSON WRIGHT PLLC**, 100 West Liberty Street, Suite 940, Reno, NV 89501, for defendant.

Plaintiff Pietro Pasquale Antonio Sgromo initiated a patent and trademark infringement action against Defendant Target Brands, Inc. ("Target"). Target filed a Motion to Dismiss, arguing that Sgromo could not demonstrate that he had standing to assert the patents and trademarks at issue. The Magistrate Judge issued a Report and Recommendation ("R&R"), concluding that Sgromo failed to establish a plausible foundation for ownership of the patents and thus lacked standing for his claims, and recommending dismissal of the case for lack of subject matter jurisdiction.

Sgromo has filed Objections to the R&R, arguing that the Magistrate Judge reached erroneous conclusions of law as to ownership of the patents and trademarks.[1]  Because Sgromo has not demonstrated a plausible basis for ownership of the patents and therefore lacks standing to assert infringement claims, the Court will overrule his objections, adopt the R&R, and dismiss the case without prejudice.

## BACKGROUND

The facts and procedural history of this case are described in detail in the R&R. Because Sgromo does not specifically object to the statement of facts and procedural history in the R&R, the Court only briefly summarizes the background here.

## I.    ASSERTED PATENTS AND ALLEGATIONS

Plaintiff Sgromo initiated this action on April 27, 2020, (Compl., Apr. 27, 2020, Docket No. 1), and filed an Amended Complaint on May 21, 2020, (Am. Compl., May 21,

---

[1] Sgromo also filed a Motion for Evidentiary Hearing after filing his Objections to the R&R, asserting that the Court must hold an evidentiary hearing to address his objections to the Magistrate Judge's factual findings and to resolve conflicts in the parties' testimony regarding which Agreements govern ownership of the patents.  (Mot. Evidentiary Hearing, Nov. 9, 2020, Docket No. 72.)  Target requests that the Court strike the Motion as an improper filing.  (Mem. Opp. Mot. Evidentiary Hearing, Nov. 16, 2020, Docket No. 74.)

The Court will strike this Motion for several reasons.  First, Local Rule 72.2(b) does not permit additional motions for review of Magistrate Judge orders beyond the opportunity to file objections, an opportunity of which Sgromo has availed himself.  Second, Sgromo has not followed proper procedures for filing a civil motion pursuant to Local Rule 7.1.  Third, Sgromo does not appear to object to the Magistrate Judge's factual findings.  Rather, his Objections explicitly challenge "erroneous conclusions of law" as to each patent.  Thus, the Court finds that such an evidentiary hearing is unwarranted, even if it were properly requested.

2020, Docket No. 9.)  Sgromo alleges patent and trademark infringement against Defendant Target Brands, Inc.  (*See id.* ¶¶ 28–43.)

Three patents are at issue.  First, Sgromo alleges infringement of United States Patent No. 7,046,440 ("the '440 Patent").  (*Id.* ¶¶ 36–39.)  Wide Eyes Marketing, Ltd. ("WEM"), a company owned and operated by Sgromo, acquired ownership rights to the '440 Patent on December 10, 2010.[2]  (*Id.* ¶ 8).  Sgromo alleges that he assigned non-exclusive rights to the '440 Patent to Bestway[3] in May 2013, and Bestway terminated the license in March 2017.  (*Id.* ¶ 9.)  As a result, Sgromo claims the rights to the '440 Patent exclusively reverted to him.  (*Id.*)

Second, Sgromo alleges infringement of United States Patent No. 8,654,422 ("the '422 Patent").  (*Id.* ¶¶ 28–31.)  When the provisional patent application was filed for the '422 Patent, Sgromo was listed as one of the two inventors.  (*Id.* ¶ 10; *id.* ¶ 10, Ex. 4 at 2, Apr. 27, 2020, Docket No. 1-4.)  However, after the application was submitted but before the actual patent was issued, Sgromo assigned purportedly "less than all

_____

[2] The Amended Complaint states that "Sgromo acquired the entire right, title and interest in and to" the '440 Patent, (Am. Compl. ¶ 8), but the documentation attached to the initial Complaint shows that the patent was actually assigned to WEM and not to Sgromo personally, (*See* Am. Compl. ¶ 8, Ex. 2 at 3, 8–9, Apr. 27, 2020, Docket No. 1-2.)  Irrespective of most exhibits not being included with the Amended Complaint, the Court will take judicial notice of the filings and public records referenced by the Complaint.  *See, e.g.*, *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) ("The court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." (citation omitted)).

[3] "Bestway" refers collectively to Bestway (USA) Inc., Bestway (Hong Kong) Intl. Ltd., and Bestway Inflatables & Material Corp. (Shanghai).  (Am. Compl. ¶ 9.)

substantial rights" to the '422 Patent to Imperial Toy, LLC, and the assignment was recorded with the United States Patent and Trademark Office ("USPTO"). (Am. Compl. ¶ 11.) When the USPTO issued the '422 Patent, Imperial Toy, LLC was listed as the sole assignee. (*See id.* ¶ 11, Ex. 4 at 2.) Sgromo alleges that the license terminated for non-payment of royalties and all rights in the '422 Patent reverted to him. (Am. Compl. ¶ 11.)

Third, Sgromo asserts United States Patent No. 9,511,298 ("the '298 Patent"), (*id.* ¶¶ 32–35), issued on February 28, 2014 to Sgromo. (*Id*. ¶ 12.) Sgromo licensed the '298 Patent to Bestway in November 2013, and Bestway terminated the license in March 2017. (*Id.* ¶ 13.) Sgromo claims that the exclusive rights then reverted to him. (*Id.*)

Sgromo also claims trademark infringement related to the "H2O-GO" mark. (*Id.* ¶ 14.) Sgromo alleges that he licensed non-exclusive rights to practice the trademark to Bestway, but Bestway terminated the agreement in March 2017, and the rights exclusively reverted to Sgromo. (*Id*. ¶ 14.)

To support his allegations that all of the patents and trademarks at issue have reverted exclusively to him, Sgromo points the Court to documents from the United States Patent and Trade Office confirming recordation of assignments or "corrective" assignments to Sgromo.[4] (*See id.* ¶¶ 9–14 (referencing Exhibits 3, 5, 7, and 10)).

---

[4] It appears that Sgromo only filed Exhibit 10, related to the Trademarks, with his Amended Complaint. (Am. Compl. ¶ 14, Ex. 10, May 21, 2020, Docket No. 9.) The other documents are submitted as exhibits with his initial Complaint, (*see* Compl. ¶ 9, Ex. 3; *id.* ¶ 11, Ex. 5; *id.* ¶ 13, Ex. 7), of which the Court takes judicial notice, *see supra* note 2.

II.    PRIOR DISPUTES AND LITIGATION

The present action is not Sgromo's first attempt at asserting patent infringement related to these patents and trademarks.  The Magistrate Judge described the chain of title for the patents and resolution of various related lawsuits in detail, (*see* R&R at 4–9), so the Court will review the relevant prior findings in brief.

In June 2013, WEM assigned the '440 Patent to Leonard Gregory Scott, who was the sole member of Eureka Inventions, LLC.  (2nd Decl. Craig S. Krummen at 2, Ex. 2 at 2, June 15, 2020, Docket No. 26-2; 1st Decl. Craig S. Krummen ("1st Krummen Decl.") at 2, Ex. 8 at 7, June 8, 2020, Docket No. 22-8.)  Eureka later entered licensing agreements with Bestway, and a dispute arose regarding the scope of the license.  (1st Krummen Decl., Ex. 17 at 2, June 8, 2020, Docket No. 22-17.)  Through an action to which Sgromo was not a party, Eureka and Bestway agreed that Bestway would pay Eureka royalties for the use of the '440 Patent.  (*Id.* at 3.)  A dispute nonetheless arose between Sgromo and Scott about whom was entitled to the royalties, which ultimately led Bestway to seek a declaratory judgment, and the Northern District of California found that Eureka and Scott were the rightful and sole owners of the '440 Patent.  (1st Krummen Decl. at 2, Ex. 3 at 3, June 8, 2020, Docket No. 22-3.)  The '298 Patent was also at issue in this royalty payment dispute between Scott and Sgromo, and the same court concluded that Sgromo failed to demonstrate ownership in the '298 Patent as well.  (*Id.* at 3 (referring to the '298 Patent as part of the "Water Slide License Agreement")).

In November 2019, Imperial Toy filed for bankruptcy, and despite Sgromo asserting that he was the rightful owner of the '422 Patent, the bankruptcy court overruled Sgromo's objection and approved the sale of the '422 patent free and clear of any claim by Sgromo, thus negating any ownership interest held by Sgromo.  (1st Krummen Decl. at 2, Ex. 6 at 11, June 8, 2020, Docket No. 22-6; *id.*, Ex. 7 at 13–17, June 8, 2020, Docket No. 22-7.)

Finally, the Eastern District of Texas found that Sgromo did not show he was the owner of the trademarks at issue here.  *Sgromo v. Bestway Enter. Co.*, No. 19-60, 2019 WL 4686719, at *6–8 (E.D. Tex. Aug. 29, 2019), *report and recommendation adopted*, 2019 WL 4673756 (E.D. Tex. Sept. 25, 2019).  In that decision, the court also fund that Sgromo lacked standing to assert the '440 and '298 Patents.  *See Sgromo,* 2019 WL 4686719, at *3–5.

## III.    PROCEDURAL BACKGROUND

Sgromo now alleges that Target offers children's bubble blowing toys, backyard water slides, and inflatable swimming pools that infringe the '440, '298, and '422 patents and the H2O-GO! trademarks without his permission or consent.  (*See* Am. Compl. ¶¶ 15–23.)

Sgromo filed a Motion for Preliminary Injunction, (Mot. Prelim. Inj., May 24, 2020, Docket No. 11), which the Court stayed pending resolution of Target's later-filed Motion to Dismiss for Lack of Subject Matter Jurisdiction, (Mot. Dismiss, June 15, 2020, Docket

No. 23; Order, June 18, 2020, Docket No. 34.)  Sgromo filed a Motion for Leave to Amend

the Pleadings, seeking to join additional parties and claims related to the same patents

and trademarks asserted in his operative Complaint.  (Mot. Leave to Amend Compl., July

27, 2020, Docket No. 52.)

On October 7, 2020, Magistrate Judge Brisbois issued his Order and Report and

Recommendation ("R&R") on Target's Motion to Dismiss.  (R&R, Oct. 7, 2020, Docket No.

68.)  The Magistrate Judge denied Sgromo's Motion for Leave to Amend Complaint and

denied Target's request to stay proceedings as moot.  (Order at 27, Oct. 7, 2020, Docket

No. 67.)  The Magistrate Judge recommended denying Sgromo's Motion for Preliminary

Injunction and granting of Target's Motion to Dismiss.  (R&R at 28.)

Sgromo now objects to the Magistrate Judge's recommendation that the case be

dismissed for lack of jurisdiction, (Obj., Oct. 22, 2020, Docket No. 69).

## DISCUSSION

### I.    STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific

written objections to the proposed findings and recommendations."  Fed. R. Civ. P.

72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The district judge must determine de novo any

part of the magistrate judge's disposition that has been properly objected to."  Fed. R.

Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  "The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to

-7-

the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. L.R.

72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to

and considered by a magistrate judge are not entitled to *de novo* review, but rather are

reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012,

1017 (D. Minn. 2015).

## II.    STANDING

Target moves to dismiss Sgromo's Amended Complaint for lack of subject matter

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Under Rule 12(b)(1), the

plaintiff bears the burden to prove the Court has subject matter jurisdiction. *Osborn v.*

*United States*, 918 F.2d 724, 730 (8th Cir. 1990). In a factual, as opposed to facial,

jurisdictional challenge, the Court may consider matters outside the pleadings and may

weigh the evidence in deciding whether it has jurisdiction over the claims. *Id.* at 729–30.

Here, Target argues that Sgromo lacks standing to assert his claims. Under Article

III of the Constitution, the Court's exercise of judicial power is limited to actual cases and

controversies, and standing is the threshold question in determining whether the Court

may hear this case. *See 281 Care Comm. v. Arneson*, 638 F.3d 621, 626–27 (8th Cir. 2011).

To satisfy the constitutional minimum of standing, plaintiffs must show they "(1) suffered

an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant,

and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v.*

*Robins*, 136 S. Ct. 1540, 1547 (2016). Because standing is "not dispensed in gross," a

plaintiff must establish standing for each claim and form of relief sought. *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017) (quotation omitted).

The Patent Act imposes an additional layer of standing analysis, which is the subject of this Motion. "[T]o assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent *at the inception of the lawsuit*." *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003). To survive a motion to dismiss, the plaintiff must demonstrate a plausible foundation for ownership of the patent at issue. *Jim Arnold Corp. v. Hydrotech Sys. Inc.*, 109 F.3d 1567, 1571–72 (Fed. Cir. 1997); *see also Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1338 (Fed. Cir. 2007) (stating that the plaintiff in an infringement action bears the burden of demonstrating standing).

## III.  ANALYSIS

Sgromo objects to the Magistrate Judge's conclusions that he failed to demonstrate ownership of the patents and therefore lacks standing. Sgromo's objections challenge the Magistrate Judge's tracing of the chains of title for the asserted patents, attempt to relitigate prior cases, and raise new arguments for the first time about the validity of past assignments, such as alleging that they bear fraudulent signatures. After conducting a de novo review, the Court agrees with the Magistrate Judge and finds that Sgromo has not met his burden to establish ownership of any of the patents or trademarks at issue, and thus lacks standing for his claims.

Sgromo alleges that he has submitted confirmation from USPTO of assignments or reversion of the patents to him, which distinguishes this action from his prior, unsuccessful attempts to claim ownership interest in the patents and trademarks at issue. However, Sgromo has not provided actual documentation of assignments, but merely confirmation of receipt of documents submitted to USPTO by Sgromo himself to show "corrective assignment" of the patents to Sgromo.  Receipts of recordation by USPTO have no legal effect.  *See* 37 C.F.R. § 3.54 ("The recording of a document [for an assignment] is not a determination by the Office of the validity of the document or the effect that document has on the title to an application, a patent, or a registration."). Without evidence of an underlying written instrument legally assigning the patent or interests therein to Sgromo, Sgromo cannot satisfy his burden to establish standing, as he cannot demonstrate a plausible foundation for his claim of ownership of the asserted patents.  *See* 35 U.S.C. § 261 ("Applications for patent, patents, or any interest therein, shall be assignable in law by an instrument in writing.").

As to his objections concerning rights to the individual patents and trademarks, Sgromo first objects to the Magistrate Judge's conclusion that Sgromo failed to demonstrate rights in the '440 Patent because the assignment of the '440 Patent from Sgromo to Scott was not signed and therefore was not legally operative; and, even if it was valid, that Scott, at most, had a bare license to the patent, as evidenced by other licenses to the same patent.  However, upon review, the assignment of the '440 Patent

to Scott is signed by Sgromo and the agreement states that **all** of the Assignor's right, title, and interest in and to the patent and represents that the Assignor, WEM, was the sole owner and holder of record title to the patent at the time of the assignment.  Thus, the '440 Patent objection is implausible and meritless toward establishing standing.

Regarding the '422 Patent, Sgromo argues that the Magistrate Judge reached an erroneous conclusion of law because Sgromo's rights in the '422 Patent should be determined based on nondisclosure and consulting agreements between Sgromo and Imperial Toy, rather than the "unsigned and unwitnessed" patent assignment.  Sgromo again argues that, at most, he granted a license to Imperial Toy, and thus he retains ownership.  The Court finds that the nondisclosure and consulting agreements are irrelevant to ownership of the '422 Patent, and even if they were relevant, are superseded by the later, signed, assignment of the '422 Patent from Sgromo to Imperial.  The Magistrate Judge correctly concluded that Sgromo lacks standing to assert the '422 Patent.

Lastly, as to the '298 Patent and the H2O-GO trademarks, Sgromo objects to what he refers to as the Magistrate Judge "reinstating" the licensing agreements between Bestway and Eureka.  However, the only documentation of Sgromo's purported current rights to the '298 Patent and trademarks are the legally inoperative receipts from USPTO.  Accordingly, the Magistrate Judge did not err in concluding that Sgromo did not satisfy his burden to establish standing for his infringement claims.

In sum, despite numerous bites at the apple in this district and various other courts around the country, Sgromo has repeatedly failed to plausibly demonstrate ownership of, or any interest in, the patents and trademarks at issue here.  Accordingly, the Court will overrule Sgromo's objections, adopt the R&R, and dismiss the case without prejudice. Because the Court lacks subject matter jurisdiction over this action, the Court will also deny Sgromo's Motion for Preliminary Injunction.  *See Barrett v. Dep't of Health & Human Servs.*, 14 F.3d 26, 27 (8th Cir. 1994).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to the Report and Recommendation [Docket No. 69] are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [Docket No. 68] is **ADOPTED**;

3. Plaintiff's Motion for Preliminary Injunction [Docket No. 11] is **DENIED**;

4. Plaintiff's Motion for Evidentiary Hearing [Docket No. 72] is **DENIED**;

5. Defendant's Motion to Dismiss for Lack of Jurisdiction [Docket No. 23] is **GRANTED**; and

6. Plaintiff's Amended Complaint [Docket No. 9] is **DISMISSED without prejudice.**

-12-

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  February 18, 2021
at Minneapolis, Minnesota.

                                      JOHN R. TUNHEIM
                                         Chief Judge
                          United States District Court